# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILMA G. HOLMES,**
**Claimant Below, Petitioner**

**FILED**
February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0248** (BOR Appeal No. 2053401)
              (Claim No. 2000028138)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**AFG INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wilma G. Holmes, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied a permanent total disability award on July 21, 2017. The Office of Judges reversed the decision in its September 10, 2018, Order and remanded the case for an impairment evaluation of Ms. Holmes's vertigo. The Order was reversed by the Board of Review on January 31, 2019, and the claims administrator's denial of a permanent total disability award was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Holmes, a nailer, suffered multiple injuries in the course of her twenty-eight years of employment for AFG Industries, Inc. She has received the following permanent partial disability awards: 10% for the right shoulder, 4% for the left shoulder, 7% for the left shoulder, 14% for the cervical and lumbar spine, 20% for vertigo, and 11% for bilateral carpal tunnel syndrome. Ms. Holmes has not been gainfully employed since 1998 and began receiving Social Security retirement benefits on July 1, 2004. Ms. Holmes completed an application for a permanent total disability award on October 5, 2005.

Charles Werntz, M.D., performed an independent medical evaluation on June 22, 2007, in which he noted that Ms. Holmes's main issue was vertigo. Dr. Werntz diagnosed left shoulder sprain, lumbar sprain, thoracic sprain, compression fracture of the L2 disc, right shoulder sprain, bilateral carpal tunnel syndrome, and recurrent proximal vertigo. He noted that she had noncompensable arthritis in the wrists. Dr. Werntz opined that Ms. Holmes had reached maximum medical improvement and could work at the light physical demand level. He assessed 6% impairment for the left upper extremity and 5% for the right upper extremity. For the lumbar spine, Dr. Werntz noted that Ms. Holmes did not put forth maximum effort for range of motion measurements. He found 7% impairment using Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), 2% for left lateral range of motion, and 1% for neurological deficits. The combined total lumbar impairment was 10%. Dr. Werntz then apportioned 1% for degenerative changes for a total of 9% lumbar impairment. He assessed 2% impairment for the thoracic spine and 10% for vertigo. His combined total impairment rating was 29%.

Ron Harbert, P.T., performed a functional capacity evaluation on January 9, 2013, in which he determined that Ms. Holmes could operate at the sedentary physical demand level. However, it was noted that she had limitations in strength and range of motion in her shoulders and spine. Mr. Harbert opined that Ms. Holmes was unable to return to work due to pain and vertigo. A functional capacity evaluation was performed by GENEX Services, Inc., on May 20, 2013. It was determined that Ms. Holmes was unable to be gainfully employed. It was noted that she had no sedentary job skills and could not work due to vertigo.

On September 13, 2013, Stephen Wetmore, M.D., performed an independent medical evaluation regarding Ms. Holmes's vertigo. He found that she had experienced dizziness for the past several years and that she had a stroke in 2007. He opined that she has proximal positional vertigo but that it was not related to her work injury. He assessed 0% impairment for vertigo.

Dr. Werntz performed a second independent medical evaluation on September 27, 2013, in which he assessed 7% impairment for the cervical spine, 13% impairment for the lumbar spine, 8% impairment for the right shoulder, 8% impairment for the left shoulder, and 10% impairment for vertigo. Regarding vertigo, Dr. Werntz stated that Ms. Holmes falls on the borderline of Classes 2 and 3 from page 229 of the American Medical Association's *Guides.* His total impairment recommendation was 39%.

Kari Law, M.D., performed a psychiatric evaluation on February 28, 2014, in which she diagnosed moderate major depressive disorder in partial remission with anxiety. She found that

2

Ms. Holmes was at maximum medical improvement and that her psychiatric impairment had a mild effect on her daily living. Dr. Law assessed 3% psychiatric impairment related to a work injury.

The Permanent Total Disability Review Board issued its initial recommendations on May 12, 2014. It found that the assessments of Drs. Werntz, Wetmore, and Law were the most reliable of record. The Board accepted Dr. Werntz's findings of 18% lumbar impairment, 8% left upper extremity impairment, 8% right upper extremity impairment, 7% cervical spine impairment, and 1% thoracic spine impairment. It also accepted Dr. Wetmore's finding of 0% impairment for vertigo and Dr. Law's finding of 3% psychiatric impairment. The Board found that the impairments combined for a total of 39% impairment. Therefore, Ms. Holmes failed to meet the 50% threshold for whole body impairment as required by West Virginia Code § 23-4-6(n)(1). The Board recommended denying the request for a permanent total disability award.

On June 11, 2014, Ms. Holmes objected to the Permanent Total Disability Review Board's findings, specifically, Dr. Wetmore's opinion that her vertigo is not work-related. Ms. Holmes noted that she had received a 20% permanent partial disability award for her compensable condition of vertigo. She asserted that the opinions of Drs. Poletajev and Vaglienti, that she had 20% impairment due to vertigo, were more reliable. Ms. Holmes argued that Dr. Werntz's finding of 10% impairment for vertigo failed to properly consider the limitations in her activities of daily living.

The Permanent Total Disability Review Board issued its final recommendations on August 11, 2014. It again accepted Dr. Werntz's findings of 18% lumbar impairment, 8% left upper extremity impairment, 8% right upper extremity impairment, 7% cervical spine impairment, and 1% thoracic spine impairment. The Board also accepted Dr. Werntz's finding of 10% impairment for vertigo since his evaluation was the most recent of record. Finally, the Board accepted Dr. Law's assessment of 3% psychiatric impairment. Ms. Holmes's total whole person impairment was found to be 44%, again short of the 50% threshold. The Board therefore recommended that a permanent total disability award be denied.

On December 22, 2015, the Office of Judges issued a decision remanding the claim to the Permanent Total Disability Review Board with instructions to have Ms. Holmes evaluated by an otolaryngologist to determine the amount of permanent impairment she has due to vertigo. The Office of Judges noted that Dr. Wetmore assessed 0% impairment for vertigo because he did not believe the condition was related to the compensable injury. However, the condition is a compensable component of the claim, and the Office of Judges determined that it should be rated by a specialist.

Dr. Wetmore, who is an otolaryngologist, performed an evaluation on April 24, 2017, in which he determined that Ms. Holmes offered no objective evidence of vertigo. He stated that his impairment assessment remained 0%. On July 10, 2017, the Permanent Total Disability Review Board issued its final recommendations. It again accepted Dr. Werntz's findings of 18% lumbar impairment, 8% left upper extremity impairment, 8% right upper extremity impairment, 7% cervical spine impairment, and 1% thoracic spine impairment. It also accepted Dr. Law's

assessment of 3% psychiatric impairment. The Board stated Dr. Wetmore concluded that Ms. Holmes has 0% impairment for vertigo and accepted his finding. Her total whole body impairment was determined to be 34%.

The claims administrator denied a permanent total disability award on July 21, 2017. The Office of Judges reversed the claims administrator's decision and remanded the case with instructions to refer Ms. Holmes to a different otolaryngologist to determine her impairment due to vertigo in its September 10, 2018, Order. The Office of Judges noted that the case was previously remanded on December 22, 2015, for an evaluation by an otolaryngologist to determine the amount of impairment Ms. Holmes suffers due to vertigo. In its prior Order, the Office of Judges found Dr. Werntz's findings to be ambiguous. Dr. Wetmore's findings were determined to be unreliable since he opined that Ms. Holmes's vertigo was not work-related, despite the fact that the condition has been held compensable. After remanding the case, Ms. Holmes was again sent to Dr. Wetmore for an evaluation of her vertigo. The Office of Judges determined in the instant Order that Dr. Wetmore's second evaluation was unreliable. It found that Dr. Wetmore made no attempt to administer testing for vertigo. In fact, Dr. Wetmore merely reiterated his opinion that the condition is not the result of a compensable injury and referred to his earlier report in which he assessed 0% impairment for vertigo. The Office of Judges held that his opinion is contrary to the law of this case, which states that vertigo is a compensable condition, and therefore cannot be used to determine Ms. Holmes's impairment for vertigo.

The Office of Judges noted that Dr. Werntz did an assessment for vertigo and arrived at a conclusion of 10% impairment. However, in his second report, he stated that Ms. Holmes fell in the border between Class 2 and Class 3 from page 229 of the American Medical Association's *Guides.* The Office of Judges determined that Dr. Werntz's assessment was ambiguous because Class 2 provides for 10% impairment and Class three provides 20% for impairment. Therefore, the Office of Judges determined that the case should be remanded to the Permanent Total Disability Review Board with instructions to refer Ms. Holmes to another otolaryngologist, one who is not Dr. Wetmore, within forty-five days of the Order. Ms. Holmes's whole person impairment was then to be recalculated.

The Board of Review reversed the decision of the Office of Judges and reinstated the claims administrator's denial of a permanent total disability award on July 31, 2019. Pursuant to West Virginia Code § 23-4-24(a)

> [n]o claimant shall be awarded permanent total disability benefits arising under subdivision (d) or (n), section six of this article or section eight-c of this article who terminates active employment and is receiving full old-age retirement benefits under the Social Security Act, 42 U.S.C. §401 and 402. Any claimant shall be evaluated only for the purposes of receiving a permanent partial disability award premised solely upon the claimant's impairments. This subsection is not applicable in any claim in which the claimant has completed the submission of his or her evidence on the issue of permanent total disability prior to the later of the following: Termination of active employment or the initial receipt of full old-age retirement benefits under the Social Security Act. Once the claimant has terminated active

employment and has begun to receive full old-age social security retirement benefits, the claimant may not produce additional evidence of permanent total disability nor shall the claim be remanded for the production of the evidence.

The Board of Review determined that Ms. Holmes last worked in 1998 and began receiving Social Security retirement benefits on or about July 1, 2004. She submitted her application for a permanent total disability award on October 5, 2005. Therefore, she is not eligible to receive a permanent total disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-24(a), Ms. Holmes is barred from receiving a permanent total disability award due to the fact that she retired and started receiving Social Security retirement benefits prior to filing her application for a permanent total disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison